## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HOWARD COHAN,

     Plaintiff,

v.

CENTRAL FLORIDA
RESTAURANTS, INC.

     Defendant.

Case No. 2:19-cv-11894

Hon.

Magistrate Judge

/

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Central Florida Restaurants, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA") and its implementing regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

2.      Venue is appropriate in this district under 28 U.S.C. § 1391 because

the acts of discrimination occurred in this district and the property that is the

subject of this action is in this district.

## PARTIES

3.      Plaintiff is a resident of Palm Beach County, Florida.

4.      Defendant is a corporation with its registered office located at 40600

Ann Arbor Road E, Suite 200, Plymouth, MI 48170.

5.      Upon information and belief, Defendant owns or operates "TGI

FridaysTgi Friday's" whose locations qualify as a "Facility" as defined in 28

C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe

spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe

spinal stenosis of the cervical spine with nerve root compromise on the right side, a

non-union fracture of the left acromion, a labral tear of the left shoulder, a full

thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL

and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left

thumb. These conditions cause sudden onsets of severe pain and substantially limit

Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8.     At the time of Plaintiff's initial visit to TGI Fridays (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9.     Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

10.     Plaintiff regularly travels to Michigan 4-5 times per year to visit friends and shop. Plaintiff prefers staying around the Novi area on his trips because of the density of malls, stores, restaurants, and hotels.

11.     Most recently, Plaintiff was in the Novi area in May of 2019, and currently plans to return to the area again in September of 2019.

12.     Plaintiff encountered barriers to access that denied him full and equal access and enjoyment of the services, goods and amenities when he ate at the TGI Fridays located at 43200 Crescent Blvd, Novi, MI 48375 (the "Novi Facility") on March 20, 2018.

13.     On an October trip to the Detroit metropolitan area, Plaintiff was deterred from dining at the Novi Facility due to the barriers encountered during his March visit, and instead chose to dine at the TGI Fridays located at 26299

Evergreen Rd, Southfield, MI 48076 (the "Southfield Facility") on October 18, 2018.

14.     Plaintiff encountered barriers to access that denied him full and equal access and enjoyment of the services, goods and amenities when he ate at the Southfield Facility.

15.     Plaintiff is a regular customer of TGI Fridays and would return to the each Facility in September if Defendant modifies each Facility and its policies and practices to accommodate individuals who have physical disabilities, but is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at each Facility.

16.     Due to Plaintiff's frequent travels, he also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

**COUNT I**
**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

18.     Plaintiff incorporates the above paragraphs by reference.

19.     This Court is empowered to issue a declaratory judgment regarding:

(1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply

with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove

architectural barriers at each Facility; and (4) Plaintiff's right to be free from

discrimination due to his disability. 28 U.S.C. § 2201.

20.     Plaintiff seeks an order declaring that he was discriminated against on

the basis of his disability.

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)**

21.     Plaintiff incorporates the above paragraphs by reference.

22.     Tgi Friday's is a place of public accommodation covered by Title III

of the ADA because it is operated by a private entity, its operations affect

commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23.     Defendant is a public accommodation covered by Title III of the ADA

because it owns, leases (or leases to), or operates a place of public accommodation.

See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24.     Architectural barriers exist, which denied Plaintiff full and equal

access to the goods and services Defendant offers to non-disabled individuals.

25.     Plaintiff personally encountered architectural barriers on March 20,

2018, at the Novi Facility:

    a. Bar:

5

    i.   Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1, 904.4.2, 305 and 306.

    ii.   Failing to provide accessible seating for persons with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

    iii.   Failing to provide required accessible seating for person((s)) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.3.

    iv.   Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

b.  Seating:

    i.   Failing to provide seating for a person((s)) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

    ii.  Failing to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person((s)) with a disability in violation of 2010 ADAAG §§226, 226.2, 902, 305 and 306.

c.  Restroom:

    i.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    ii.  Providing a swinging door or gate with improper maneuvering clearance((s)) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

    iii.  Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

    iv.  Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

v.   Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

vi.   Failing to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§604 and 604.4.   Failing to provide the correct opening width for a forward approach into a urinal, stall door or lavatory ((sink)) in violation of 2010 ADAAG §§305, 305.7.1, 404, 605.3 and 606.2.

d.   Parking Access Aisle to Restaurant:

i.   Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303 and 403.4.

26.   Plaintiff personally encountered architectural barriers on October 18, 2018, at the Southfield Facility:

a.   Men's Restroom

i.   Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

8

ii. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

iv. Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.

v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

vi. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

vii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

viii. Failing to provide paper towel dispenser or its operable part at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

b. Bar Area:

i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§904, 904.4, 904.4.1, 904.4.2, 305 and 306.

ii. Failing to provide the correct height for accessible seating or work surface use for person(s) with a disability at a bar or adjacent table in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

iii. Failing to provide required accessible seating for person(s) with a disability at a bar or adjacent table exceeding 34 inches in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.3.

iv. Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

v. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306.

27. These barriers cause Plaintiff difficulty in safely using each element of each Facility because of Plaintiff's impaired mobility and range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

28. Defendant has failed to remove some or all of the barriers and violations at each Facility.

29. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to each Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods

and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§

12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

31.    It would be readily achievable for Defendant to remove all of the

barriers at each Facility.

32.    Failing to remove barriers to access where it is readily achievable is

discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a),

12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    declare that each Facility identified in this Complaint is in violation of

the ADA;

B.    declare that each Facility identified in this Complaint is in violation of

the ADAAG;

C.    enter an Order requiring Defendant make each Facility accessible to

and usable by individuals with disabilities to the full extent required by Title III of

the ADA;

D.    enter an Order directing Defendant to evaluate and neutralize its

policies, practices, and procedures towards persons with disabilities;

12

E.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.     grant any other such relief as the Court deems just and proper.

Respectfully submitted,

BLACKMORE LAW PLC

/s/ Angela C. Spears
Angela C. Spears (P82653)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
T: (833) 343-6743
F: (855) 744-4419
E: aspears@blackmorelawplc.com
*Counsel for Plaintiff*

Dated: June 25, 2019

13